**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724
16-md-2724 |
| THIS DOCUMENT RELATES TO:

*Ahold USA, Inc., et al. v. Actavis Holdco U.S., Inc. et al.*

*1199SEIU Nat'l Benefit Fund, et al. v. Actavis Holdco US, Inc.*

*Humana Inc. v. Actavis Elizabeth, LLC et al.*

*West Val Pharm., et al. v. Actavis Holdco U.S., Inc.*

*The Kroger Co., et al. v. Actavis Holdco U.S., Inc.*

*Marion Diagnostic Center, LLC, et al. v. McKesson Corp., et al.*

*The State Attorneys General Litigation* | HON. CYNTHIA M. RUFE

Civil Action Nos.

18-2641
18-2401
18-3299
18-2533
 18-284
18-4137
17-3768

*Document Electronically Filed* |

**LANNETT'S INDIVIDUAL MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant Lannett Company, Inc. ("Lannett"), by and through its undersigned counsel, hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiffs' various overarching conspiracy complaints against Lannett as follows:

1.      Lannett individually moves to dismiss the First Amended Complaint filed by the Direct Purchaser Plaintiffs, Civil Action No. 18-2641 [Dkt. 11];

2. Lannett individually moves to dismiss Counts One through Four of the End Payer Plaintiffs' Complaint "brought against all Defendants for their participation in an overarching conspiracy to fix, raise and/or stabilize the prices of the Drugs at Issue," Civil Action No. 18-2401 [Dkt. 2];

3. Lannett individually moves to dismiss Counts CVI-CX of the Amended Complaint filed by Plaintiff Humana, Inc., Civil Action No. 18-3299 [Dkt. 30];

4. Lannett individually moves to dismiss Counts One through Four of the Indirect Reseller Plaintiffs' Amended Overarching Complaint "brought against all Defendants for their participation in an overarching conspiracy to fix, raise and/or stabilize the prices of the Drugs at Issue," Civil Action No. 18-2533 [Dkt. 4];

5. Lannett individually moves to dismiss Count One of the Complaint filed by Plaintiffs The Kroger Co., Albertsons Companies LLC, and H.E. Butt Grocery Company L.P., Civil Action No. 18-284 [Dkt. 37];

6. Lannett individually moves to dismiss Counts I-XXVIII of the First Amended Complaint filed by Plaintiffs Marion Diagnostic Center, LLC and Marion Healthcare, LLC, Civil Action No. 18-4137 [Dkt. 22]; and

7. Lannett individually moves to strike the joint and several liability allegations in Counts One through Eighteen of the Consolidated Amended Complaint filed by the Plaintiff States, Civil Action No. 17-3768 [Dkt. 15].

In support of this motion, Lannett relies on the Memorandum of Law submitted contemporaneously herewith and on Defendants' Memorandum of Law in Support of Their Joint Motion to Dismiss, also filed contemporaneously herewith. A proposed form of Order is attached.

**Pursuant to L. Civ. R. 7.1(f), Lannett requests oral argument.**

                                                    Respectfully submitted,

                                                    */s/ Gerald E. Arth*
                                                    Gerald E. Arth
                                                    Ryan T. Becker
                                                    FOX ROTHSCHILD LLP
                                                    2000 Market Street, 20th Floor
                                                    Philadelphia, PA 19103
                                                    Tel: (215) 299-2000
                                                    Fax: (215) 299-2150
                                                    garth@foxrothschild.com
                                                    rbecker@foxrothschild.com

                                                    George G. Gordon
                                                    Stephen D. Brown
                                                    Julia Chapman
                                                    DECHERT LLP
                                                    2929 Arch Street
                                                    Philadelphia, PA 19104-2808
                                                    Tel: (215) 994-2382
                                                    Fax: (215) 655-2240
                                                    george.gordon@dechert.com
                                                    stephen.brown@dechert.com
                                                    julia.chapman@dechert.com

                                                    *Counsel for Defendant*
                                                    *Lannett Company, Inc.*

Date:   February 21, 2019

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724<br><br>HON. CYNTHIA M. RUFE<br><br>Civil Action Nos.<br><br>18-2641<br>18-2401<br>18-3299<br>18-2533<br>18-284<br>18-4137<br>17-3768 |
| THIS DOCUMENT RELATES TO:<br><br>*Ahold USA, Inc., et al. v. Actavis Holdco U.S., Inc. et al.*<br><br>*1199SEIU Nat'l Benefit Fund, et al. v. Actavis Holdco US, Inc.*<br><br>*Humana Inc. v. Actavis Elizabeth, LLC et al.*<br><br>*West Val Pharm., et al. v. Actavis Holdco U.S., Inc.*<br><br>*The Kroger Co., et al. v. Actavis Holdco U.S., Inc.*<br><br>*Marion Diagnostic Center, LLC, et al. v. McKesson Corp., et al.*<br><br>*The State Attorneys General Litigation* | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT LANNETT COMPANY, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS INDIVIDUAL**
**MOTION TO DISMISS PLAINTIFFS' OVERARCHING CONSPIRACY CLAIMS**

Lannett Company, Inc. ("Lannett") submits this memorandum of law in support of its individual motion to dismiss Plaintiffs' various overarching conspiracy complaints in the above-captioned cases (the "Overarching Complaints"). In support of this motion, Lannett joins and incorporates the arguments contained in Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Overarching Conspiracy Claims ("Defendants' Joint Brief"). Lannett writes separately to highlight the lack of specific allegations in any of the Overarching Complaints suggesting Lannett consciously committed to an alleged overarching conspiracy involving dozens of drugs that it did not even sell.

## I.   PRELIMINARY STATEMENT

Plaintiffs' allegations that Lannett participated in individual conspiracies to fix the price of a few specific drugs are not enough to wrap the company into a broad, all-encompassing conspiracy to fix prices or allocate markets for dozens of additional drugs it never sold. To tie Lannett to such an "overarching conspiracy," Plaintiffs must, at the very least, plead facts that Lannett was aware of, and committed to, such a vast scheme. Allowing Plaintiffs to proceed with their overarching conspiracy claims against Lannett absent such facts would render the pleading requirements in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a nullity, and write the notice pleading requirements out of Federal Rule of Civil Procedure 8. This, however, is precisely what the Overarching Complaints attempt to do.

This motion focuses solely on the adequacy of the well-pleaded factual allegations purporting to tie Lannett to a so-called overarching conspiracy involving dozens of drugs that it did not even sell. It is not about the sufficiency of Plaintiffs' allegations that Lannett participated in one or more drug-specific conspiracies. Even if Plaintiffs' allegations were sufficient to state a claim that Lannett participated in certain individual-drug conspiracies (which Lannett does not

concede), those allegations would still not get Plaintiffs over the plausibility line firmly established in *Twombly* for their overarching conspiracy claims.

None of the Overarching Complaints pleads facts tying Lannett to any conspiracy involving drugs that it did not sell. None alleges any facts showing that Lannett was even aware of – let alone committed to joining – a far-reaching conspiracy encompassing such drugs. Nor do any of the Overarching Complaints allege facts from which one could infer that Lannett's absence from most of the alleged markets at issue was the result of a conspiracy. By way of example:

- The Overarching Complaints do not allege that Lannett had a single communication with any other Defendant about a drug that it did not sell (and the only communication Lannett is alleged to have had with a competitor related to any drug at all was with respect to *one* of the drugs it sold, doxycycline monohydrate ("doxy mono")).

- The Overarching Complaints contain no allegations linking Lannett to any alleged conduct related to drugs that Lannett did not sell. They do not even mention Lannett in the context of discussing alleged conspiracies involving such drugs.

- The Overarching Complaints speculate that "Defendants" shared a common "fair share" understanding with respect to the drugs at issue, but never allege that anyone from Lannett used this term or had any understanding that it had some broad and sinister meaning.

- The Overarching Complaints speculate that Defendants shared a general understanding that they would refrain from entering certain alleged drug markets in order to protect their share in the markets in which they participated, but allege no facts supporting an inference that Lannett's absence from any alleged markets was the result of an agreement.

Even the most generous reading of the Overarching Complaints shows that Plaintiffs fail to satisfy their pleading burdens with respect to Lannett. The complete absence of any factual allegations tying Lannett to any broader, overarching conspiracy involving all of the drugs identified in the Overarching Complaints compels dismissal of Plaintiffs' claims that Lannett participated in any purported overarching conspiracy.

## II. ARGUMENT

### A. Plaintiffs Must Plead Facts Showing That Lannett Agreed To Participate In An Overarching Conspiracy.

For the Overarching Complaints to survive a motion to dismiss, they must contain well-pleaded, non-conclusory allegations that plausibly demonstrate that Lannett *specifically* agreed and committed to the common goal of the purported overarching conspiracy to fix prices and allocate markets for *all* of the drugs identified in those pleadings. *See* Def. Joint. Br. at 5-11. Such allegations are noticeably absent.

Nor can Plaintiffs satisfy their burden with respect to Lannett by engaging in "group pleading," *i.e.*, trying to sweep Lannett in under the cover of allegations regarding "Defendants" in general. Plaintiffs must, but fail to, plead "allegations specific to [Lannett] alleging [Lannett's] role in the alleged [overarching] conspiracy," and "that plausibly suggest that [Lannett] participated in th[at] conspiracy." *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-MD-2143 RS, 2014 WL 3378336, at *4 (N.D. Cal. July 10, 2014) (citing *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1019 (N.D. Cal. 2010)).

In *Winn-Dixie Stores, Inc. v. Eastern Mushroom Mktg. Coop.*, No. 15-CV-6480, 2019 WL 130535 (E.D. Pa. Jan. 8, 2019), Judge Schiller just last month dismissed a Section 1 price-fixing complaint precisely because the plaintiffs did not make specific allegations tying the particular defendants to the alleged conspiracy. "Plaintiffs' Complaint includes no specific allegations that would tie these Defendants to the alleged violations of Section 1. Without such allegations, [the] Plaintiffs' claims against these Defendants fail." *Id.* at *4. The court continued:

> [The Complaint] does not, however, include any further factual matter specifying the [Defendants'] participation in the alleged price fixing and supply control schemes. Without more, the Court cannot say that Winn-Dixie's Plaintiffs' Complaint 'delineates to some sufficiently specific degree that' either of the [Defendants] purposefully joined and participated in the conspiracy.'"

3

*Id.* at \*5 (citing *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 720 (E.D. Pa. 2011)). The same failings that doomed the *Winn-Dixie* plaintiffs are equally present in this case.

Further, as outlined in Defendants' Joint Brief, a number of courts that have considered the viability of overarching conspiracy claims have concluded that allegations of a series of separate product-based conspiracies are not enough to satisfy *Twombly*. *See* Def. Joint Br. at 9-11. Rather, at a minimum, Plaintiffs must offer some factual allegations that specifically delineate Lannett's awareness of, and commitment to, this far larger, overarching conspiracy. There are no such allegations relating to Lannett in any of the Overarching Complaints.

### B. The Overarching Complaints Are Devoid Of Any Factual Allegations Tying Lannett To A Broad, Overarching Conspiracy.

At the motion-to-dismiss stage, the Court must "separate the factual and legal arguments of a claim" and "may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). A close examination of the Overarching Complaints' ***factual allegations*** regarding Lannett reveals that none of them plead facts demonstrating that Lannett was aware of, or committed to, a conspiracy involving drugs that it did not even sell. None alleges any facts showing that Lannett had any communications with another Defendant related to drugs it did not sell. None alleges any facts offering a plausible explanation for why Lannett would join a scheme involving drugs it did not sell, and involving markets unrelated to those in which Lannett actually participated. In fact, none alleges any facts at all regarding Lannett – or even mentions Lannett – in the context of discussing any drugs other than those few that Lannett is alleged to have sold and regarding which Lannett is specifically alleged to have participated in an individual-drug conspiracy.

The specific allegations related to Lannett in each of the Overarching Complaints are summarized below:

4

**The States' Complaint**.  In *State of Connecticut v. Actavis Holdco U.S. Inc. et al.*, No. 17-cv-3768-CMR (the "States' Complaint"), the States allege that Lannett sold, and participated in a conspiracy involving, only one of the 15 drugs at issue in that case, doxy mono.  The States do not even mention Lannett in any of the allegations related to the 14 other drugs.  The only allegations in the States' Complaint regarding Lannett either relate solely to doxy mono (*see, e.g.*, States Compl. at ¶¶ 248-67, 275, 284, 287-88) or are non-specific allegations that Lannett employees spoke, socialized, or attended industry events with other competitors (*see, e.g.*, *id.* at ¶¶ 82-83, 86, 88), which is not evidence of conspiracy and hardly ties Lannett into a purported overarching conspiracy involving the 14 drugs that it did not sell.  *See Valspar Corp. v. E.I. Du Pont De Nemours and Co.*, 873 F.3d 185, 199 (3d Cir. 2017) (opportunity to conspire, without more, is not evidence of conspiracy). The States therefore fail to connect Lannett to any larger, overarching conspiracy.

**Marion Diagnostic**.  In *Marion Diagnostic Center, LLC v. McKesson Corporation, et al.*, No. 2:18-cv-4137-CMR (the "Marion Complaint"), Lannett is only mentioned in three paragraphs of the 60-page complaint:

- The Marion Complaint alleges that Lannett engaged in a price-fixing conspiracy for one drug, doxy mono (Marion Compl. at ¶ 51); and

- The Marion Complaint then essentially engages in wholesale cutting and pasting of the States' Complaint's allegations of communications between Lannett and Teva or Heritage generally, without any allegations that the communications related to any price-fixing agreements (*see id.* at ¶¶ 52-53).

The remainder of the Marion Complaint is littered with non-specific references to "Defendant Manufacturers," *see, e.g., id.* at ¶¶ 49-50, which are not adequate to plead the far-reaching conspiracy the Marion Complaint claims.  *See* Def. Joint Br. at 11.

5

**The Kroger Plaintiffs.**  In *Kroger Co. v. Actavis Holdco U.S., Inc.*, No. 18-cv-284-CMR (the "Kroger Complaint"), the Kroger Plaintiffs alleged that Lannett was involved in separate, individual conspiracies involving only six out of the 40 drugs at issue.  The Kroger Complaint, however, alleges no facts suggesting that Lannett joined any overarching conspiracy involving any of the remaining 34 drugs, which it never sold.  In fact, the Kroger Complaint does not even mention Lannett in the context of allegations of those remaining 34 drugs.  The Lannett-specific factual allegations are:

- Lannett is involved in governmental investigations surrounding certain of its drugs or is a named defendant in other lawsuits (*see, e.g.*, Kroger Compl. at ¶¶ 5, 17, 127, 132);

- Lannett was involved in six individual drug-specific conspiracies related to drugs that Lannett actually sold (*see, e.g.*, *id.* at ¶¶ 14, 78, 236-42, 285-91, 388-94, 438-61, 605-10, 757-60);

- Lannett attended trade shows that furthered the individual, drug-specific conspiracies (*see, e.g.*, *id.* at ¶¶ 159, 168, 243, 292, 294-95, 297, 302-06, 308, 402-03, 405-06, 409, 613, 616-17, 619, 623-25, 627-28,764-73); and

- Lannett's former CEO made public comments about price increases generally and as to certain specific Lannett products (*see, e.g.*, *id.* at ¶¶ 182-94, 801).

The only attempt the Kroger Complaint makes to show that Lannett was part of an overarching conspiracy is its seemingly random assignment of Lannett to the group of "Additional Conspirators" who the Kroger Plaintiffs alleged, with no factual support, "were active participants in the overarching conspiracy."  *Id.* at ¶ 22.  Such conclusory allegations, unsupported by any facts, do not satisfy *Twombly*.

**The Direct Purchaser Plaintiffs**.  In *Ahold USA, Inc. v. Actavis Holdco U.S., Inc.*, No. 18-cv-2641-CMR (the "DPP Complaint"), the DPPs identify 21 drugs at issue, but do not allege that Lannett sold, or had any involvement with, 19 of them.  Instead, with respect to Lannett, the

6

DPP Complaint only specifically alleges that Lannett participated in a conspiracy involving *two* particular drugs, and that Lannett is under investigation generally:

- Lannett allegedly was involved in drug-specific conspiracies for acetazolamide tablets and doxy mono, furthered by attendance at certain trade shows (*see, e.g.*, DPP Compl. at ¶¶ 135-47; 171-90, 363); and

- Lannett received a civil investigative demand from the Justice Department and an inquiry letter from Congress (*see, e.g.*, *id.* at ¶¶ 31, 296).

As with the other Overarching Complaints, Lannett is not mentioned in the allegations related to the other 19 drugs identified in the DPP Complaint. In short, the Direct Purchasers offer no facts tying Lannett to the overarching agreement they allege.

**The End-Payor Purchasers**. In *1199SEIU National Benefit Fund v. Actavis Holdco U.S., Inc.*, No. 18-CV-2401-CMR (the "EPP Complaint"), the EPPs allege that Lannett sold only two of the 19 drugs at issue. Like the DPP Complaint and the IRP Complaint, with respect to Lannett, the EPP Complaint only specifically alleges that Lannett participated in individual conspiracies involving doxy mono and acetazolamide tablets. There are no allegations that Lannett was aware of, or committed to, any broader conspiracy involving the remaining 17 drugs identified in the EPP Complaint, which Lannett did not sell. Nor is there any mention of Lannett in the allegations regarding those other 17 drugs. The allegations concerning Lannett are:

- Lannett attended trade shows or social events also attended by other Defendants, without any specific allegations that Lannett agreed to conspire on drugs it did not sell (*see, e.g.*, EPP Compl. at ¶¶ 134, 153, 161, 164, 168-69, 172, 173, 176, 390, 448);

- Lannett was allegedly involved in two separate individual conspiracies related to its sales of doxy mono and acetazolamide tablets (*see, e.g.*, *id.* at ¶¶ 106, 110, 144, 151, 159, 162, 165, 234, 313, 340-68, 380, 416-30, 469, 545, 592); and

- Lannett is under governmental investigation (*see, e.g.*, *id.* at ¶¶ 19, 657).

Again, none of these facts suggest in any way that Lannett committed to an industry-wide conspiracy involving drugs it did not make.

7

**The Indirect-Reseller Plaintiffs**. In *West Val Pharmacy v. Actavis Holdco U.S., Inc.*, No. 18-cv-2533-CMR (the "IRP Complaint"), the IRPs specifically allege that Lannett was involved in only two of the 19 drugs identified (again, doxy mono and acetazolamide tablets), and that Lannett received grand jury subpoenas:

- Lannett was allegedly involved in drug-specific conspiracies in its sales of doxy mono and acetazolamide tablets (*see, e.g.*, IRP Complaint at ¶¶ 132-144, 171-181, 197, 289, 317); and

- Lanett and one of its employees received grand jury subpoenas (*id.* at ¶ 29).

There is no mention of Lannett in the allegations related to the other 17 drugs. Notably, the IRP Complaint never alleges how Lannett supposedly joined or knew of a broad, overarching conspiracy related to drugs it did not make or sell.

**Humana.** Finally, the complaint in *Humana Inc. v. Actavis Elizabeth, LLC*, No. 18-cv-3299-CMR (the "Humana Complaint"), reiterates the same allegations strewn throughout the other Overarching Complaints, but also fails to connect Lannett to the supposed overarching conspiracy. The allegations against Lannett in the Humana Complaint are:

- Lannett is under governmental investigation and is a defendant in other actions (*see, e.g.*, Humana Compl. at ¶¶ 140, 149, 151, 171);

- Lannett belonged to certain trade associations and attended related events or other industry gatherings with other Defendants (*see, e.g.*, *id.* ¶¶ 184, 193, 196, 198, 311);

- Lannett's former CEO made some public comments regarding Lannett's pricing strategy and price increases on certain drugs it sells (*see, e.g.*, *id.* at ¶¶ 216-229); and

- Lannett was allegedly involved in separate drug-specific individual conspiracies for its sales of acetazolamide tablets, baclofen, digoxin, doxy mono, levothyroxine, and ursodiol (*see, e.g.*, *id.* at ¶¶ 290-300, 329-337, 393-402, 422, 488-520, 570-78, 688-93). These are the same drugs as identified in the Kroger Complaint.

The Humana Complaint includes no factual allegations demonstrating that Lannett was ever involved in a conspiracy to fix the prices or allocate markets for drugs it did not sell. As with all

8

of the other Overarching Complaints, Lannett is not even mentioned in the allegations regarding those drugs.

***

None of the factual allegations in the Overarching Complaints suggest that Lannett was aware of, or consciously committed to, an overarching conspiracy involving drugs it did not make or sell. Instead of facts, Plaintiffs collectively offer conclusory speculation. They assert that the individual drug-specific agreements that Lannett is alleged to have participated in were "*consistent with*" or "*part of*" the alleged overarching conspiracy. *See, e.g.*, State Compl. ¶ 267; DPP Compl. ¶¶ 147, 191; EPP Compl. ¶ 368; IRP Compl. ¶¶ 145, 176, 287; Humana Compl. ¶ 301.

For example, the DPP Complaint alleges that Lannett's purported involvement in individual conspiracies related to acetazolamide tablets and doxy mono was "consistent with" an alleged "Fair Share Agreement." *See* DPP Compl. ¶¶ 147, 191. But the DPP Complaint alleges no facts suggesting that Lannett was even aware of such an agreement. The DPPs do not, for example, allege that Lannett (1) knew that there was a "Fair Share Agreement; (2) ever used the term "Fair Share"; (3) ever communicated with another Defendant regarding the concept of "Fair Share" in connection with any drug; or (4) had any understanding what that term meant when used by other Defendants. The DPPs cannot tie Lannett to a supposed overarching "Fair Share Agreement" by merely alleging, in conclusory fashion, that its actions regarding two drugs were "consistent with" such an agreement. The same is true of the similar allegations made in the other Overarching Complaints, which are equally deficient.

## **CONCLUSION**

The Overarching Complaints fail to satisfy the Supreme Court's pleading requirements in *Twombly* as to Lannett. Accordingly, Lannett respectfully requests that the Court dismiss those complaints to the extent they assert claims for an overarching conspiracy.

Dated:  February 21, 2019

                Respectfully submitted,

                */s/ Gerald E. Arth*
                Gerald E. Arth
                Ryan T. Becker
                FOX ROTHSCHILD LLP
                2000 Market Street, 20th Floor
                Philadelphia, PA 19103
                Tel: (215) 299-2000
                Fax: (215) 299-2150
                garth@foxrothschild.com
                rbecker@foxrothschild.com

                George G. Gordon
                Stephen D. Brown
                Julia Chapman
                DECHERT LLP
                2929 Arch Street
                Philadelphia, PA 19104-2808
                Tel: (215) 994-2382
                Fax: (215) 655-2240
                george.gordon@dechert.com
                stephen.brown@dechert.com
                julia.chapman@dechert.com

                *Counsel for Defendant*
                *Lannett Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify on this 21st day of February 2019, I caused a true and correct copy of the foregoing to be filed electronically and is available for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of  the ECF System.

                                                      /s/ *Ryan T. Becker*
                                                      Ryan T. Becker

Dated:      February 21, 2019